DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
WARREN METLITZKY, State Bar #220758
NEWTON OLDFATHER, State Bar #281227
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:      (415) 554-3916 [Metlitzky]
                (415) 554-4283 [Oldfather]
Facsimile:      (415) 554-3837
E-Mail:         warren.metlitzky@sfgov.org
                newton.oldfather@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. HERNANDEZ GARCIA,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and Does 1-50,<br><br>  Defendants. | Case No. 13-cv-3295 DMR<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Trial Date:      January 20, 2015 |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1.      CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing official information privileged materials, criminal investigation materials and any other such documents that defendants in good faith have determined to be

confidential.  Defendants shall attempt to stamp "Confidential" on all such documents prior to production.

In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by

defendants, the party who notices this oversight shall immediately make it known to the other parties and

the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall also

include any and all documents containing peace officer Personnel Information, private information,

confidential information, including any and all records made pursuant to citizen complaint, or other

administrative or internal Department investigation, that the defendants consider in good faith to be or to

contain Confidential, Official Information, or otherwise protected information, shall be subject to this

Order and stamped or otherwise designated "Confidential."

2.      All documents, including, but not limited to audiotapes, videotapes, photographs.

transcripts, etc., related to the criminal investigation incidental to the event forming the basis of this

lawsuit shall be deemed CONFIDENTIAL INFORMATION, within the meaning of this stipulation.

3.      Plaintiff may challenge defendants' designation of a particular document as

CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The

parties agree that the prevailing party in a motion to remove the confidential designation shall waive

any entitlement to monetary sanctions, including attorney's fees. The parties shall follow the procedures for raising discovery disputes described in Judge Ryu's standing order.

4.      Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole

authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered

CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination

is made.

5.      Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or non

party in connection with this case may be used only for prosecuting, defending, or attempting to

settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories

of persons and under the conditions described in this Order. When the litigation has been terminated, all

parties or non parties that have received CONFIDENTIAL INFORMATION must comply with the

provisions of section 12, below. All parties or non parties that have received CONFIDENTIAL

INFORMATION must store and maintain it in a secure manner that ensures that access is limited

to the persons authorized under this Order.

6. Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by order of the Court:

a. Plaintiff's Counsel (retained and prospective);

b. Prospective experts, investigators, consultants, or new counsel interviewed by Plaintiff's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any prospective expert, investigator, consultant, or new counsel is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. Plaintiff's counsel shall file and serve that document upon its execution; however, Plaintiff's counsel shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

7. Counsel for Plaintiff may not provide originals or copies of the CONFIDENTIAL INFORMATION to any plaintiff absent the written agreement of counsel for the City or a court order, subject to the following:

a. For purposes of evaluating the settlement value or potential jury verdict, counsel for Plaintiff may discuss the CONFIDENTIAL INFORMATION with plaintiffs without disclosing any identifying details about a specific witness. Plaintiff's counsel may also review with a plaintiff any statement or interview given by that plaintiff. Counsel may inform Plaintiff of statements made by any person describing the facts of the incident but may not provide details that would identify the person making the statement or any other person who may have provided statements or information regarding the incident.

8. Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any

1    papers or pleadings filed with the Court, shall be filed under seal pursuant to the Court's rules and

2    procedures (see Northern District of California Civil Local Rule 79-5). The sealed envelopes shall

3    be endorsed with the caption of this litigation, and an indication of the nature of the contents of the

4    envelopes and a statement substantially in the following form:

5       "This envelope contains documents that are filed in this case pursuant to a
        Protective Order and are not to be opened nor the contents thereof to be
6       displayed or revealed except by further order of the Court or written consent of
        the City and County of San Francisco."

7

8       9.      In the event any person desires to exhibit documents or disclose CONFIDENTIAL

9    INFORMATION covered under this stipulation during trial or pretrial proceedings, such person

10   shall meet and confer with counsel for defendants to reach an agreement, in accordance with the

11   Court's rules and procedures, on an appropriate method for disclosure, and if defendants do not agree to

12   such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by

13   order of the Court. Unless otherwise agreed, transcripts and exhibits that incorporate or reference

14   CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as

15   CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER

16   The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains any

17   CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

18      10.     If a party who has received CONFIDENTIAL INFORMATION learns that, by

19   inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any

20   circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a)

21   notify the San Francisco City Attorney's Office in writing of the unauthorized disclosures, (b) use

22   its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the

23   person or persons to whom unauthorized disclosures were made of all the terms of this Order. and

24   (d) request such person or persons to execute the document that is attached hereto as Exhibit A.

25      11.     Any inadvertent disclosure made in violation of this PROTECTIVE ORDER shall be

26   immediately corrected by the offending party and does not constitute a waiver of the terms of this

27   PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

28      12.     All documents covered by this PROTECTIVE ORDER and copies thereof (including

1 those in the possession of experts, consultants, etc.) will be returned to the San Francisco City

2 Attorney's Office at the termination of this litigation. On final disposition of this case, plaintiff's

3 counsel shall within 30 days after the final disposition of this case, without request or further order of this

4 Court, return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in this matter.

5 The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue

6 to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the

7 terms of this PROTECTIVE ORDER.

8       13.    Should plaintiff or plaintiff's counsel fail to comply with this PROTECTIVE

9 ORDER, plaintiff and plaintiff's counsel shall be liable for all costs associated with enforcing this

10 agreement, including but not limited to all attorney fees in amounts to be determined by the Court.

11       Plaintiff and plaintiff's counsel may also be subject to additional sanctions or remedial measures,

12 such as contempt, evidentiary or terminating sanctions.

13       IT IS SO STIPULATED.

14 Dated:  May 15, 2014       LAW OFFICES OF H. NELSON MEEKS

15

16       By:   */s/ H. Nelson Meeks*

      H. NELSON MEEKS

17       Attorneys for Plaintiff Jose A. Hernandez Garcia

18 Dated:  May 15, 2014       OFFICE OF THE CITY ATTORNEY

19

20       By:      */s/ Warren Metlitzky*

21       WARREN METLITZKY

      Attorney for Defendant City and County of San Francisco

22

23       **ORDER**

24       Based on the above entered Stipulation, IT IS SO ORDERED

25 Dated: May 20, 2014

26       THE HONORABLE DONNA M. RYU

27       UNITED STATES MAGISTRATE JUDGE

28

**EXHIBIT A**

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE**

**ORDER FOR CONFIDENTIAL INFORMATION**

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION.  I agree to abide by all terms of the Order.  In addition, I specifically understand and agree to the following:

    1.    I will not disclose the CONFIDENTIAL INFORMATION to any other person.

    2.    I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

    3.    I agree not to make copies of the CONFIDENTIAL INFORMATION.

    4.    I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.


AGREED:


_____

DATE



_____

SIGNATURE


_____

PRINT NAME